# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JENSEN E.P. SCHWARTZ-VANDERBOL § <br> § <br> v. § <br> § <br> JOHN S. VANDERBOL, III § <br> § | Civil Action No. 4:18-CV-883 <br> (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 21, 2019, the report of the Magistrate Judge (Dkt. #26) was entered containing proposed findings of fact and recommendations that Plaintiff's Motion to Remand (Dkt. #18) be granted. Having received the report of the Magistrate Judge, having considered Defendant's Objection and Request to Strike (Dkts. #27; #28), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Defendant's Objection. Plaintiff initially filed for divorce on February 16, 2016, in the 235th District Court of Cooke County, Texas (Dkt. #1-1). Plaintiff requested a dissolution of the marriage, division of the marital estate, and the establishment of custody and support provisions for her and Defendant's one minor child (Dkt. #1-2). Several years later, in 2018, Plaintiff filed a Second Amended Petition for Divorce. On December 13, 2018, Plaintiff also sought modification of the residency requirements related to the child (Dkt. #1-12). Less than a week later, on December 19, 2018, Defendant filed his Notice of Removal, seeking to remove the divorce action to the Eastern District of Texas under "28 U.S.C. [§§] 1441(c), 1443

and 1446" (Dkt. #1 at p. 1). Plaintiff moved to remand on January 18, 2019 (Dkt. #18). A Report and Recommendation was entered on February 21, 2019, recommending that Plaintiff's Motion to Remand be granted (Dkt. #26). On March 7, 2019, Defendant filed his "Objection to Magistrate's Recommendation. And Request to Strike same." (Dkts. #27, 28).[1]

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

The Report found that Plaintiff's Motion to Remand should be granted because: (1) Defendant's Notice of Removal is untimely; (2) Defendant's assertion that the Court may exercise federal question jurisdiction is unavailing because "removal jurisdiction is based on the existence of a claim lying within federal jurisdiction on the face of a *plaintiff's* well-pleaded complaint"; and (3) Defendant's attempt to remove his divorce proceeding fails to meet the requirements for removal under § 1443(1). Defendant argues the Magistrate Judge is in error, and raises three specific objections to remand: (1) "the Magistrate Judge relies heavily on frauds perpetrated by the Plaintiff and the Texas Court itself," namely in the factual recitation of the Report (Dkt. #27 at pp. 1–2); (2) the Report erroneously concluded that the Court lacks subject matter jurisdiction because the "removal statutes create a new challenge and cause of action" and "Defendant has raised repeatedly before the Texas District Court the Texas Court's violations of Defendant's federally protected civil rights including due process, right to enforce contract and religious protections such as those protected in 42 U.S.C. § 21b" (Dkt. #27 at p. 4) (emphasis

---

[1] Given that multiple filings were contained in one document, the Clerk's Office docketed the filing twice (Dkts. #27; #28).

omitted); and (3) although "Plaintiff's filings do not create a Federal cause of action on the surface, [] her claims and misrepresentation of rights in them do" (Dkt. #27 at p. 5).

As to Defendant's first objection, Defendant cites to eight different omissions from the Report's factual recitation (Dkt. #27 at pp. 2–3). Upon independent review, the Court finds that none of the eight purported "omissions" are relevant to the Court's consideration of timeliness and/or subject matter jurisdiction. The factual omissions relate entirely to the state court proceeding, Plaintiff's alleged wrongdoings in the underlying divorce proceedings and/or the supposed existence of an independent agreement between Plaintiff and Defendant regarding the division of the marital estate and custody of their child. None of the factual omissions raised by Defendant alter or impact the Magistrate Judge's findings. Defendant's objection is overruled.

Defendant next argues that although Plaintiff's state court pleadings do not raise federal claims, her alleged misrepresentations in the state court proceedings give rise to violations of Defendant's civil rights and thus confer jurisdiction herein (Dkt. #27 at pp. 4–5). Specifically, Defendant argues that "[the] lack of plaintiff's federal claim within her complaint does not prohibit Defendant from seeking protection of his federal rights in federal court, in which HIS claim would bring forth a basis for original jurisdiction upon his counter claim, which he HAS argued repeatedly orally, and in written format, which the Magistrate obviously did not review as there is no mention of this anywhere within the recommendation" (Dkt. #27 at p. 5) (emphasis in original). Pursuant to § 1331, Defendant's claims and allegations do not provide the Court with federal question jurisdiction. *Tex. ex rel. Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813 n.2 (5th Cir. 1998); *Fed. Nat'l Mortg. Ass'n v. Morse*, No. 4:16-CV-396, 2016 WL 6871143, at *5 (E.D. Tex. Nov. 22, 2016). Moreover, in relation to Defendant's assertion of § 1443 jurisdiction,

as the Report found, Defendant's "broad constitutional claims [as alleged] do not satisfy the first prong of the *Rachel* test" under § 1443. *See Louisiana v. Wells*, 2015 WL 1276713, at *5 (M.D. La. Mar. 19, 2015), *aff'd*, 628 F. App'x 260 (5th Cir. 2015). Defendant's objection still does not establish how his claims arise under a federal law "providing for specific civil rights stated in terms of racial equality." *See Georgia v. Rachel,* 384 U.S. 780, 792 (1966). Defendant's remaining objections are overruled.

Finally, to the extent that Defendant now seeks, by and through his Objection, to raise diversity jurisdiction, such assertion is meritless. Plaintiff and Defendant are both Texas residents. Additionally, for the Court to exercise supplemental jurisdiction over any state law claims, the Court must first be able to exercise subject matter jurisdiction; as there is no basis to exercise original jurisdiction in this matter, supplemental jurisdiction is inapplicable. *See* 28 U.S.C. § 1367.

## CONCLUSION

Having considered Defendant's Objection and Request to Strike (Dkts. #27; #28), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #26) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's Motion to Remand (Dkt. #18) is **GRANTED** and this case is hereby **REMANDED** to the 235th District Court, Cooke County, Texas.

It is further **ORDERED** that Defendant's Motion to Strike (Dkt. #28) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 25th day of April, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE